IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TATIANA K.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18 C 169 |
| v. | ) |
| | ) Magistrate Judge |
| ANDREW SAUL, Commissioner of | ) Maria Valdez |
| Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

# MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Tatiana K.'s claims for Social Security Child's Disability Insurance Benefits and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 30] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

Plaintiff was eligible for and received SSI benefits as a child. She turned eighteen in January 2014 and thus her SSI case was reviewed based on the adult disability standard. On March 7, 2014, Plaintiff also file a claim for child's insurance benefits based on her father's earnings record, alleging disability since March 28, 1996 due to various mental and physical impairments.[3] The claims were denied initially on May 1, 2014, and upon reconsideration. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 3, 2016. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Plaintiff's mother Tirzahanna K. and vocational expert Cheryl Hoiseth also testified.

On December 7, 2016, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. §

---

[3] In order to qualify for these benefits, Plaintiff must show that she satisfied the adult disability standard as of the date she attained the age of 18 and before she attained 22. 20 C.F.R. § 404.350(a)(5).

404.1520(a)(4). The ALJ found at step one that Plaintiff was eligible for SSI as a child for the month preceding the month in which she attained the age of eighteen. At step two, the ALJ concluded that since May 1, 2014, Plaintiff had the following severe impairments: learning disorder, depression, anxiety, benign essential tremors, seizure disorder, premature retinopathy, asthma, and Graves' disease/thyroid issues. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional limitations: sitting one hour at a time at least six hours in an eight-hour day; no climbing of ladders, ropes, or scaffolds; frequent twisting, stooping, crouching, kneeling, crawling, and climbing ramps or stairs; no work around hazards such as unprotected eights and exposed moving mechanical parts; no driving or operating a motor vehicle; no concentrated exposure to dust, odors, fumes, and other pulmonary irritants; no jobs requiring field of vision; only simple instructions, work-related decisions, and routine changes or pressures in the work environment.

At step four, the ALJ noted that Plaintiff had no past relevant work, and at step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ concluded that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## **DISCUSSION**

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex*

5

*rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ erred by: (1) failing to factor school evidence into his decision; (2) giving too little weight to the opinion of Plaintiff's treating psychiatrist; and (3) not considering Plaintiff's inability to sustain work in coming to his conclusion about Plaintiff's RFC.

During high school, Plaintiff was on an Individualized Education Program ("IEP"), and she required homebound services the last two years due to her health issues. After graduation, Plaintiff registered at Governors State University as a disabled student, and as the ALJ noted, she was given several accommodations including a note taker, extended testing time, a distraction-reduced testing environment, large print, and permission to record lectures. Plaintiff also was given

6

assistance with shopping, going to and from the bus, and getting to class. She dropped out of GSU after one year, and the ALJ stated that "it appears true that college was overwhelming for the claimant." (R. 25.) Nevertheless, he concluded that Plaintiff could perform satisfactorily in a work environment because "it appears college would be a far greater burden than the performance of sedentary simple work." (R. 25.)

SSR 96-8[4] defines an RFC as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis," which means "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Plaintiff argues that the ALJ failed to consider relevant school evidence when analyzing her ability to sustain work-related activity on a regular basis.

The Commissioner may consider evidence from secondary and post-secondary school programs evaluate the severity of a young adult's impairments. SSR 11-2p, 2011 WL 4055665, at *5 (Sept. 12, 2011). School difficulties that might suggest difficulty with work activities include problems maintaining attention for extended periods in classroom. *Id.* at *7. Furthermore, "the young adult's ability to function in settings that are less demanding, more structured, or more supportive than those in which people typically work does not necessarily show how the young adult will be able to function in a work setting." *Id.* Accordingly, the Commissioner is advised

---

[4] Interpretive rules, such as Social Security Rulings ("SSR"), do not have force of law but are binding on all components of the Agency. 20 C.F.R. § 402.35(b)(1); *accord Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999).

to "consider the kind and extend of support or assistance and the characteristics of any structured setting in which the young adult spends his or her time when we evaluate the effects of his or her impairment(s) on functioning." *Id.*

Finally, "[i]f a young adult can function only if he or she receives more help than would generally be provided to people without medical impairments, we consider how well the young adult would function without the extra help. The more extra help or support of any kind that a young adult receives because of his or her impairment(s), the less independent he or she is in functioning, and the more severe we will find the limitation to be." *Id.* at 8.

SSR 11-2p also provides that when evaluating the existence of work in the national economy for a young adult who has been given educational accommodations, "we do not consider whether he or she could do so with accommodations, even if an employer would be required to provide reasonable accommodations under the Americans with Disabilities Act of 1990." *Id.* at 9.

The ALJ's conclusion that Plaintiff retained the RFC to perform simple sedentary work without being off-task or requiring any other accommodations is not supported by substantial evidence. The ALJ acknowledged that Plaintiff was too "overwhelmed" to continue college despite significant accommodations to aid her concentration and reduce time-related stress, but he nevertheless concluded without evidence that this structured school environment was "a far greater burden" than sedentary competitive employment without any accommodations. The ALJ's finding

8

that Plaintiff's ability to "write[ ] in journals and meditate[ ] to relieve stress . . . indicates at least a capacity for simple work" similarly lacks any support. (R. 25.)

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the opinion of Plaintiff's treating psychiatrist be properly evaluated under the governing regulations.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 30] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**            **ENTERED:**

**DATE:**    **June 10, 2020**           _____
                                                             **HON. MARIA VALDEZ**
                                                             **United States Magistrate Judge**